## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DURELLE WILLIAMS,

    Plaintiff,                          Case No.

v.                                     Hon.

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK,

    Defendant.

_____/

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Durelle Williams, by and through his attorneys, Sommers Schwartz, P.C., complains of the Defendant, National Railroad Passenger Corporation, d/b/a Amtrak ("Defendant" or "Amtrak"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Durelle Williams is a resident of Westland, Wayne County, Michigan.

2. Defendant Amtrak is District of Columbia corporation, and at all times relevant herein, was doing business in this state and judicial district as an interstate common carrier by railroad.

-1-

3.     At all relevant times, Plaintiff was employed by Defendant, and was acting in the course and scope of his employment in furtherance of interstate commerce.

4.     Therefore, subject matter jurisdiction in conferred on this court pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 56.

5.     Venue is proper in this Court pursuant to 45 U.S.C. § 56 in that Defendant conducts business in this judicial district, and/or pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## COMMON ALLEGATIONS

6.     Plaintiff reincorporates all preceding paragraphs as though fully restated herein.

7.     At all relevant times, Plaintiff was employed by Amtrak as a signal maintainer.

8.     Late in the evening of January 1, 2025, while in bed at home in Westland, Wayne County, Michigan, Plaintiff received a phone call informing him of a reported broken gate at an Amtrak railroad crossing in Comstock, Kalamazoo County, Michigan.

-2-

9.     In accordance with his job duties, Plaintiff was ordered to travel to Comstock to inspect the crossing and gate and, if required, to make appropriate repairs.

10.     During the call, Plaintiff was not warned about any adverse or hazardous conditions at the location in Comstock.

11.     Given the late hour and the travel time between his home in Westland and the location in Comstock, Plaintiff did not arrive at the crossing at issue until approximately 2.5-3 hours later, on January 2, 2025.

12.     When he arrived at the scene, he identified the crossing and parked his truck.  He then inspected the gate and saw that it was broken and needed replacement.

13.     Thereafter, he went to the "signal box" – that is, a shed located at the northeast of the crossing where the crossing controls are located – to begin performing the necessary test on the signals and gates.

14.     After initiating the test, Plaintiff then walked over to the gate to determine which parts of the gate were broken and which were salvageable.

15.     While walking over to the gate, Plaintiff slipped on ice and fell.

16.     Plaintiff had not previously walked in the area of his fall that morning, and did not see that it was slippery.  The area was not well-lit.

-3-

17.    Amtrak made no attempt to remediate the icy conditions at the site of Plaintiff's work prior to his arrival (even with 2.5-3 hours to do so before Plaintiff arrived on site), and did not provide Plaintiff with any salt or other means of eliminating or even improving icy conditions in the area of his work.

18.    Plaintiff was never warned by Defendant or any of its agents of slippery and/or hazardous conditions in the area of his work.

19.    As a result of the fall, Plaintiff suffered a significant fracture to his right hip which required surgical correction, an extended hospital stay, and a lengthy course of physical therapy.  The injury has caused Plaintiff significant pain and suffering, and is expected to continue to do so in the future.

20.    As a further result of the fall, Plaintiff suffered a right knee injury, including but not limited to an effusion, requiring medical treatment and injections.  The injury has caused Plaintiff significant pain and suffering, and is expected to continue to do so in the future.

21.    As a further result of the foregoing, Plaintiff was medically disabled from working for Defendant for an extended period of time.

22.    As a further result of the foregoing, Plaintiff has endured (and continues to endure) severe physical pain, suffering, and emotional distress.

**COUNT I: NEGLIGENCE UNDER FELA (45 U.S.C. § 51 *et seq.*)**

23.    Plaintiff incorporates all preceding paragraphs as though fully restated herein.

24.    Pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, Defendant owed to Plaintiff certain duties, including but not limited to:

    a.  To provide a safe place to work;

    b.  To provide proper equipment and tools to perform the required work so that Plaintiff can exercise care for his own safety while performing the work;

    c.  To provide safe work equipment, and proper equipment for Plaintiff to do his work safely;

    d.  To keep the objects of Plaintiff's work reasonably free of defects and other unsafe conditions;

    e.  To keep the sites of Plaintiff's work reasonably safe and free of unsafe conditions;

    f.  To provide proper job safety briefings before the performance of the job;

    g.  To provide proper inspection of the areas where Plaintiff worked;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

h. To provide safe walking conditions in the area where Plaintiff was required to work.

i. To remediate any potentially hazardous conditions in the area where Plaintiff worked;

j. To warn Plaintiff of any unsafe work activities and/or conditions;

k. To adequately light areas where its employees must work during hours without daylight; and,

l. To take reasonable measures to guard against foreseeable unsafe conditions.

25. Defendant breached the duties owed to Plaintiff, and was negligent in the premises in that it, among other things, failed to observe the standards of care with respect to one or more of the above-described duties.

26. As a result, in whole or in part, of the negligence of Defendant, Plaintiff has suffered injuries and damages including those as described earlier in this Complaint.

27. As a further result, in whole or in part, of the negligence of Defendant, Plaintiff has suffered, and may be expected in the future to suffer, loss of earnings and earning capacity, medical and physical therapy expenses, loss of value in pension and fringe benefits, and the loss of the ability to lead a

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

normal and healthy life, free from impairment and mental distress and anxiety.

28.    As a further result, in whole or in part, of the negligence of Defendant, Plaintiff has been unable to carry on his normal daily activities, enjoyment of life and avocations without impairment, and may be unable to do so in the future.

29.    If it is shown by Defendant that any of the physical, emotional, or financial injuries and damages alleged in this Complaint were not caused entirely by Plaintiff's job duties with Defendant, then Plaintiff claims that the injury was aggravated and/or accelerated by the events described in this Complaint, and Defendant's negligence.

WHEREFORE, Plaintiff Durelle Williams claims judgment against Defendant National Railroad Passenger Corporation d/b/a Amtrak, in an amount to be determined by the trier of fact, together with costs, interest, and attorney fees so wrongfully incurred.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By:  /s/ Benjamin J. Wilensky
      Arvin J. Pearlman (P18743)
      Benjamin J. Wilensky (P75302)
      Attorneys for Plaintiff
      One Towne Square, 17th Floor
      Southfield, MI 48076
      (248) 355-0300
      Fax: (248) 936-2144
Dated: May 8, 2026      bwilensky@sommerspc.com

## DEMAND FOR TRIAL BY JURY

Plaintiff Durelle Williams, by and through his counsel, Sommers Schwartz, P.C., hereby demands a trial by jury on all matters so triable.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By:  /s/ Benjamin J. Wilensky
      Arvin J. Pearlman (P18743)
      Benjamin J. Wilensky (P75302)
      Attorneys for Plaintiff
      One Towne Square, 17th Floor
      Southfield, MI 48076
      (248) 355-0300
      Fax: (248) 936-2144
Dated: May 8, 2026      bwilensky@sommerspc.com

-8-